E. Lee Schlender, ISBN 1171
2700 Holly Lynn Drive
Mountain Home, ID 83647
T:(208) 587-1999
F:(208) 587-3535
E: leeschlender@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K. B, a minor child,<br><br>　　　　　　　Plaintiff<br><br>　　　　　V.<br><br>TETON SCHOOL DISTRICT 401, A PUBLIC CORPORATION,<br><br>　　　　　　　Defendant. | Case No. _____<br><br>**FILED UNDER SEAL**<br><br>**(Plaintiff named anonymously<br>ECF**<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

## SUMMARY ABSTRACT

COMES NOW, Plaintiff K.B. a minor, by and through her attorney E. Lee Schlender and brings this action against this Defendant alleging that:

Defendant was deliberately indifferent to a teacher on female student sexual assault on school premises in Driggs Idaho in 2016. This Violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); the protection of the Fourteenth Amendment to the U.S. Constitution

**PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL- 1**

and statutes listed herein under the section entitled "**APPLICABLE FEDERAL AND STATE LAW**".

### I.     JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides district courts jurisdiction over all civil actions arising under the Constitution and laws of the United States.

2.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

3.     Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

4.     This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b); the Defendant resides and is a citizen of this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### II.     PARTIES

6.     Plaintiff was a minor at all times relevant. While attending the Teton schools, the Plaintiff attended classes wherein one Christopher Heib was a teacher.

7. At all times Plaintiff was and is, a resident and a citizen of Teton County, State of Idaho.

**PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL- 2**

8. At the times of events described herein, Plaintiff was a student attending the Teton middle school within the Teton School District 401 ("District").

9. The Defendant District is a public educational institution and political corporation doing business in the County of Teton, State of Idaho. It is subject to the jurisdiction and laws of Title IX by reason of receiving federal funding and utilizing all of the pertinent services. The district website states the following for public information:

### Title IX Statement



### NOTICE TITLE IX OFFICER

Nondiscrimination notice: Teton School District 401 does not discriminate on the basis of age, race, color, creed, religion, ancestry, national origin, sex, or disability in admission or access to, or treatment or employment in, its educational programs or activities. Inquiries concerning Title VI, Title IX, and Section 504 may be referred to Monte Woolstenhulme, Superintendent; TSD401, P.O. Box 775, 445 N. Main St, Driggs, ID 83422, or by phone: 2082285923, or the Idaho Department of Education P.O. Box 83720 Boise, ID 837200027. The District hires only U.S. Citizens and lawfully authorized alien workers.

Pursuant to Public Law 92-318, notice is hereby given that the Title IX Officer to Teton School District #401, and the contact information for the Title IX Officer is:

Monte R. Woolstenhulme, Superintendent, Title IX Officer c/o Teton School District #401

10. Mr. Heib was an employed substitute teacher at the defendant district school in 2015 and thereafter in 2016-2017. The office staff including superintendent Monte Woolstenhulme had actual knowledge of reported sexual advances and molestation of female students in 2015 and 2016 by Heib. Mr. Wolstenhulme and other supervisory personal had authority to take corrective action under 42 USC §1983 and yet all were deliberately indifferent to the violations. They were reported by various students in both 2015 and 2016.

11. The District was and is responsible for all conduct of its agents and employees with respect to the attendance of Plaintiff at school in the District. The District had a duty not to expose any child to dangers that they would not have faced if Title IX actions had been taken.

## III. APPLICABLE FEDERAL AND STATE LAW

12. All claims of liability and damages are recognized in codified state and federal statutes applicable to all citizens and residents of the State of Idaho, including Plaintiff, with respect to the causes of action for relief as stated herein. Pertinent laws of the State of Idaho and the United States are included and referenced in the following statutes and constitutional provisions:

- A. I.C. §18-8301 et seq.
- B. I.C. Title 16, Chapter 16 and I.D.A.P.A. 08.02.03.160
- C. I.C. § 18-917 et seq. including but not limited to §18-917A;
- D. I.C. §67-5909 et seq and I.D.A.P.A. 08.02.03.160
- E. I.C. §18-917A
- F. 20 U.S.C. §1681 et seq. Title IX of the Educational Amendments, I.D.A.P.A. 08.02.03.160
- G. I.C. §16-1619.
- H. Title VII of the Civil Rights Act of 1964, 65, 42 U.S.C. 200E-2(a);
- I. Title VI of the Civil Rights Act of 1964
- J. §1981 of the Civil Rights Act of 1866 and 1871; 42 U.S.C. §1981.
- K. Americans With Disabilities Act; 42 USC § 12101.
- L. Civil Rights Act of 1871, 42 U.S.C. §1983
- M. I.C. §33-512(4)
- N. I.C. §18-1501
- O. All applicable provisions of the Civil Rights Acts of the State of Idaho and the United States of America, including those as stated in §1983 of the 1871 Civil Rights Act.
- P. 14th Amendment of the United States Constitution for deprivation of property and life without due process of law.
- Q. Implied deliberate indifference to a known duty under the Safe and Drug Free Schools Act and related statutory and Constitutional provisions of the United States and the State of Idaho.
- R. Title IX of the Education Amendments of the 1972 (Title IX, 20 U.S.C. §1681 et seq.)
- S. Title II of the Americans With Disabilities Act
- T. Public Law 114-95-December 10, 2015.
- U. Each and every law, codes or statutes of the State of Idaho and/or the United States of America as cited and set forth in this complaint, including those referenced in every other title, cause of action or count of this complaint.

**PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL- 4**

## IV. FOUNDATIONAL FACTS

13. It was reported to the superintendent of the Teton Middle and High Schools that Mr. Heib had improperly sent sexually suggestive messages to a student and had groped females at the middle school while he was substitute teaching in 2015. Thereafter and by reason of those reports of sexual improprieties, he was dismissed as a teacher . The Title IX officer of the school then and now was the same Mr. Woolsenhulme , superintendent of all Teton School District 401 schools.

14. Thereafter, Mr.Woolsenhulme and staff rehired him in the school year of 2016, done with recent knowledge of the 2015 assaults; they should have never re-employed Mr.Heib in 2016, thereby ensuring that children including plaintiff were not molested nor sexually assaulted.

15. Mr. Heib plead guilty to the school sexual assaults by reason of his 2016 conduct and subsequent prosecution by the Teton County Prosecuting Attorney

16. The Defendant, acting or failing to act through its agents and employees, manifested deliberate indifference and reckless disregard to Plaintiff's statutory and constitutional rights; her rights as per Title IX and other United States statutory law to be free of sexual assault and aggression by Heib.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF CIVIL RIGHTS
### BY TETON SCHOOL DISTRICT 401
### (42 USC § 1983)

17. Based on the foregoing statements, Defendant Teton School District is liable for compensatory and punitive damages for their creation of the actual, particularized danger that

PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL- 5

Plaintiff would be assaulted, done deliberately or with deliberate indifference toward her safety and well-being in conduct that shocks the conscious. Staff and employees knew that Heib had previously been dismissed for sexual suggestive physical actions and emails. The 2015 incidents were intentional, open and obvious and an immediate investigation should have been undertaken; proper reporting should have been done to state and other authorities; and Heib never rehired. He was simply rehired in 2016. This was a violation of the Equal Protection Clause/Equal Educational Opportunities Act of 1974; Violation of Title IX of the Education Amendments of the 1972 (Title IX, 20 U.S.C. §1681 et seq.); Violation of Section 504 of the Rehabilitation Act of 1973 as amended.

## COUNT II

### DENIAL OF EQUAL PROTECTION (42 U.S.C. SEC.1983) INDIVIDUAL AND *MONELL* LIABILITY; VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF THE 1972 TITLE IX, 20 U.S.C. §1681 ET SEQ.) BY SEXUAL ASSAULT

18. The Defendant violated the Equal Protection Clause and the Due Process Clause of the 14th Amendment of the United States Constitution in the deliberate indifference to the treatment of the Plaintiff in 2016 and others in 2015 by Heib.

19. The District received federal funds to protect Plaintiff. The District, its agents and employees in their individual and representative capacities, acted with deliberate indifference to the humiliation, mental and physical sexual abuse of the Plaintiff. The District deprived the Plaintiff of her liberty and property interests under the Due Process Clause of the United States Constitution and the District's response to the sexual abuse shocks the conscious and tramples on the Plaintiff's rights that are implicit in the concept of ordered liberty.

20. The deliberate indifference and negligent actions of the defendant exposed the Plaintiff to harm from Heib on school property while attending and participating in official school activities.

21. The Defendant had policy-making authority and by not acting to protect the Plaintiff they permitted, endorsed and ratified the sexual assault on Plaintiff.

22. As a result of the actions and omissions of the Defendants herein the Plaintiff has

suffered damages in an amount to be proved at trial.

23. Based on the paragraphs set forth and alleged above, the District is liable for compensatory and punitive damages for its actions in failing to promulgate, issue, and enforce appropriate procedures and policies, including but not limited to (1) the reporting of known or suspected sexual abuse of Plaintiff, (2) the safe education of its students that was free from sexual abuse and exploitation, and (3) the reporting of a teacher who preyed on young female students, the failure of which was done in deliberate indifference to Plaintiff and other students' wellbeing and safety, as well as for its actions in failing to adequately train, monitor, or supervise its administrators, staff, and teachers to ensure the safety of students free from sexual exploitation, including Plaintiff, all in violation of the Ninth and Fourteenth Amendments and 42 USC § 1983.

## COUNT III
## VIOLATION OF TITLE IX
## (20 U.S.C. § 1681, *et seq.*)

25. Based on the paragraphs set forth and alleged above, the District is liable for compensatory and punitive damages for its actions in creating and/or subjugating Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), when the District and its officials had actual knowledge of the sexual assaults by Heib; re-hiring Heib; and thereby failing to protect the children when the District and its officials knew or should have known that Heib was a sexual danger to female students. The District and its officials failed to take immediate, effective remedial steps in 2015 and thereafter in 2016 in rehiring Mr.Heib thereby enabling the sexual abuse ; they acted with deliberate indifference toward Plaintiff and other similarly situated students.

### VI. RESERVATION OF RIGHTS

26. Plaintiff reserves the right to assert additional claims as may be appropriate following further investigation and discovery.

**PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL- 7**

## VII. JURY DEMAND

27. Under the Federal Rules of Civil Procedure, Plaintiff demands that this action be tried before a jury.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. That the Court award Plaintiff appropriate relief, to include all special and general damages established at trial in a sum not less than two million dollars;

B. That the Court impose punitive damages under any provision of law under which punitive damages may be imposed;

C. That the Court award costs, reasonable attorneys' fees, and statutory interest under any applicable law or ground in equity, including 42 U.S.C. § 1988 and all other applicable bases for an award of attorneys' fees and litigation costs;

D. That the Court award pre-judgment interest on items of special damages;

E. That the Court award post-judgment interest;

F. That the Court award Plaintiff such other, favorable relief as may be available and appropriate under law or at equity.

Respectfully submitted on the 16 day of April 2018 to the United States District Court for the District of Idaho.

_____
E. Lee Schlender of Schlender Law Offices
Attorney for Plaintiff K.B.